UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-0280** |
| **MARLIN GUSMAN** | **SECTION "F"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Background**

The plaintiff, Michael Williams ("Williams"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983, against Sheriff Marlin N. Gusman ("Gusman").[1] The clerk of this Court filed Williams's complaint on February 12, 2014, when pauper status was granted.[2]

Williams alleges that he has been subjected to severe negligence by the Orleans Parish Prison ("OPP") during his incarceration.[3] Specifically, he alleges that the bathroom toilets leak urine onto the floors, and that there is mold in the showers. He alleges that he has been stripped searched and that he has been exposed to inmates with HIV. He also alleges that he has been housed in an

---

[1] Rec. Doc. No. 1, 2, 3.

[2] Rec. Doc. Nos. 2, p. 2. In the prisoner context, however, the date prison officials receive the complaint from the prisoner for mailing to the court is the time of filing for limitations purposes, which here was on January 17, 2014. *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

[3] Rec. Doc. No. 1, p. 4.

"outdated FEMA tent" and that he was denied access to phones on several occasions.[4] He alleges that he filed an administrative grievance, and that he completely exhausted this process. As a result, he filed the instant action seeking monetary damages for nominal, compensatory and punitive damages as well as for the Court to issue injunctive relief as to Orleans Parish Prison's conditions.

## II.     Standard of Review

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976

---

[4]*Id.*

F.2d 268, 269 (5th Cir. 1992).

### III.  Analysis

Williams has named Sheriff Gusman as a defendant in his role as supervisory official over OPP. He has not, however, alleged that Sheriff Gusman was made personally aware of his complaints or his grievances about the conditions to state a claim under § 1983.

A supervisory official, like Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). The Sheriff may only be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

Williams does not allege that Gusman was present for, or personally involved in, any of the prison condition complaints he asserts. Furthermore, Williams has not stated that he has suffered any injury as a result of any directive by Gusman which could create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). Instead, he alleges that he has been "subjected to severe negligence

by OPP" during his incarceration, as the bathroom toilets leak urine onto the floors, there is allegedly mold in the showers, that he has been exposed to inmates with HIV, and that he has been in "outdated FEMA tents".[5] These allegations alone are an insufficient basis to state a claim under § 1983 as to Sheriff Gusman. Thus, Williams's § 1983 claims against Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Williams's § 1983 claims against Sheriff Marlin Gusman be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 12th day of June, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Rec. Doc. No. 1, p. 4.

[6] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.